# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BAREFIELD, as Administrator of the Estate of Thomas W. Hatch,<br><br>Plaintiff,<br><br>v.<br><br>HSBC HOLDINGS, PLC; CALIBER HOME LOANS, INC.; SUMMIT PROPERTY MANAGEMENT, INC., a California corporation; and DOES 1-20, inclusive<br><br>Defendants. | 1:18-cv-00527-LJO-JLT<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH RULES REGARDING *PRO SE* REPRESENTATION |

Plaintiff filed this action in Kern County Superior Court alleging causes of action for quiet title, actual fraud, constructive fraud, intentional infliction of emotional distress, unfair debt collection practices, and breach of implied covenant of good faith and fair dealing. Defendants Caliber Home Loans, Inc. and Summit Management Company removed the case to federal court. Defendants have filed motions to dismiss (ECF No. 6), to expunge notice of pendency of action (ECF No. 9), and for judgment on the pleadings (ECF No. 15). Plaintiff has filed a motion to remand the case to state court. (ECF No. 17). All four motions are currently pending before this Court.

The Court notes that Plaintiff brings this action not in her individual capacity, but as the administrator of the Estate of Thomas W. Hatch. Plaintiff is not represented by counsel; she is proceeding in this matter *pro se*.

Pursuant to 28 U.S.C. § 1654, an individual conducting one's "own case personally" is entitled

1

to represent oneself in federal court. However, "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee could not represent trust *pro se* as he was not the beneficial owner of the asserted claims). A litigant's right to represent his or her *own* interests *pro se* in federal court "does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (ERISA plan participant asserting breach of fiduciary duty under ERISA could not bring action *pro se* in a representative capacity on behalf of other plan participants). "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* at 664. Generally speaking, a litigant cannot appear *pro se* on behalf of an estate, unless that individual is the sole beneficiary of the estate and the estate has no creditors. *See Halstead v. Pac. Gas & Elec. Co. PG & E*, No. EDCV 16-696-DMG-KK, 2017 WL 1496956, at *2 (C.D. Cal. Feb. 13, 2017); *Gonzalez on Behalf of Estate of Perez v. JP Morgan Chase Bank, N.A.*, No. C-14-2558 EMC, 2014 WL 5462550, at *3 (N.D. Cal. Oct. 28, 2014) (holding that to proceed with her case *pro se*, plaintiff would "need to establish that there are no other beneficiaries or creditors for her mother's estate; otherwise, she may, in her representative capacity, appear only through counsel); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").

Likewise, under California law, a person unlicensed to practice law cannot appear on behalf of an estate outside of probate proceedings. *See City of Downey v. Johnson*, 263 Cal. App. 2d 775, 780 (1968); *see also Hansen v. Hansen*, 114 Cal. App. 4th 618, 621 (2003) (complaint by personal representative *in propria persona* against third party for return of estate assets should be stricken without prejudice regardless of whether the opposing party objects).

Plaintiff brings this civil action on behalf of an estate. This action is not brought in probate court, and is separate from any probate proceedings in the matter of the Estate. The Court cannot find any evidence in the record that Plaintiff is the sole beneficiary of the Estate of Thomas W. Hatch or that

the Estate has no creditors.[1]  As previously indicated, Plaintiff cannot bring this action, either in federal court or state court[2], as a *pro se* litigant unless she is the sole beneficiary of the Estate of Thomas W. Hatch and the Estate has no creditors.

Accordingly, Plaintiff is **ORDERED** to show cause why she may continue to prosecute this action.  As indicated, Plaintiff may continue to prosecute this action *pro se* if she is the sole beneficiary of the Thomas W. Hatch Estate and the Estate has no creditors.  Alternatively, Plaintiff may obtain counsel to represent the Estate in this action, which would resolve the issue.  Plaintiff must establish compliance **on or before June 15, 2018**, which she can do in one of two ways:

1. Plaintiff can provide irrefutable evidence to the Court demonstrating that she is the sole beneficiary of the Estate of Thomas W. Hatch, and that the Estate has no outstanding creditors; or
2. An attorney representing the Estate of Thomas W. Hatch can file a notice of appearance in this action.

Failure to meet one of these conditions by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: __May 24, 2018__               _____/s/ Lawrence J. O'Neill_____
                                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] It does appear, based on the nature of the Complaint, that the decedent may have had outstanding debts at the time of his death that have not been satisfied by the Estate.  The Complaint indicates that the decedent stopped making payments on his home loan eight years prior to his death, and that an entity is attempting to collect on the debt or to foreclose on the property. (ECF No. 1 ("Compl.") ¶¶ 8-9.)

[2] Even if this Court were to grant Plaintiff's motion to remand the case to state court, Plaintiff cannot proceed on this action in state court without an attorney unless she is the sole beneficiary.  *Hansen*, 114 Cal. App. 4th at 622-23.