| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DEBORAH BAREFIELD, as Administrator of the Estate of Thomas W. Hatch,<br><br>Plaintiff,<br><br>v.<br><br>HSBC HOLDINGS, PLC; CALIBER HOME LOANS, INC.; SUMMIT PROPERTY MANAGEMENT, INC., a California Corporation, DOES 1-20, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00527-LJO-JLT<br><br>**ORDER EXPUNGING NOTICE OF PENDENCY OF ACTION**<br><br>Judge: Hon. Lawrence J. O'Neill<br>Dept.: 4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The Motion to Expunge Notice of Pendency of Action or Require a Bond brought by defendants CALIBER HOME LOANS, INC. and SUMMIT MANAGEMENT COMPANY, LLC (erroneously also sued as Summit Property Management, Inc.), collectively "Defendants," was decided by Hon. Lawrence J. O'Neill, in Courtroom 4 of the above-entitled Court, on October 31, 2018 (Docket No. 44).[1] The Court, having fully considered all relevant documents, authorities, evidence, and arguments presented by Plaintiff and Defendants, by and through their respective attorneys, and good cause having been shown, states as follows:

**IT IS HEREBY ORDERED** that:

The Notice of Pendency of Action recorded on April 5, 2018, in the Official Records of the Kern County Recorder as Document No. 218040519 (pertaining to real property located at 11301 Darlington Avenue, Bakersfield, California 93312) is hereby EXPUNGED.

**IT IS FURTHER ORDERED** that:

This Order shall be recorded in the in the Official Records of the Kern County Recorder.

IT IS SO ORDERED.

Dated: __**November 28, 2018**__       _____/s/ Lawrence J. O'Neill_____
                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Plaintiff has since filed a notice of appeal of that decision, which does not alter the propriety of expunging the lis pendens. California law provides that "on a motion to expunge a lis pendens after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not that the appellate court will reverse the judgment." *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1015 (2007); *see also Masson v. Selene Fin. LP*, 2013 WL 4427116 (N.D. Cal. Aug.15, 2013) (citing *Amalgamated Bank*); *Mix v. Superior Court*, 124 Cal. App. 4th 987, 997 n.8 (2004) (explaining that "it would completely circumvent the Legislature's intent in enacting section 405.32, [if] merely filing an appeal, no matter how meritless, would automatically keep the lis pendens in place").