David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Aaron R. Goldstein, Bar No. 239423
AGoldstein@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
SUMMIT MANAGEMENT COMPANY,
LLC (erroneously also sued as Summit
Property Management, Inc.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BAREFIELD, as Administrator of the Estate of Thomas W. Hatch,<br><br>Plaintiff,<br><br>v.<br><br>HSBC HOLDINGS, PLC; CALIBER HOME LOANS, INC.; SUMMIT PROPERTY MANAGEMENT, INC., a California Corporation, DOES 1-20, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00527-LJO-JLT<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Date:     February 19, 2019<br>Time:    8:30 a.m.<br>Judge:   Hon. Lawrence J. O'Neill<br>Dept.:    4 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Caliber Home Loans, Inc. ("Caliber") and Summit Management Company, LLC (erroneously also sued as Summit Property Management, Inc.) ("Summit"), collectively, "Defendants," hereby submit their opposition to the motion to dismiss their answers, filed by plaintiff Deborah Barefield, as administrator of the Estate of Thomas Hatch ("Plaintiff").

-1-

# I.    INTRODUCTION

Plaintiff brings the instant Motion to Dismiss Defendants' Answers, essentially arguing that the Court should strike Defendants' Answers because Defendants filed their Answers late. Plaintiff's motion fails, first and foremost, because it is untimely. Plaintiff's motion is also procedurally improper to challenge Defendants' Answers. Lastly, Plaintiff's motion fails because Plaintiff has not suffered any measurable prejudice.

# II.    PROCEDURAL HISTORY

Plaintiff filed a second amended complaint on August 16, 2018. [Dkt. #30.] Defendants timely moved to dismiss. [Dkt. #33.] In response and opposition, on October 24, 2018, Plaintiff filed a motion to remand. On November 1, 2018, the Court entered a decision on Defendants' motion to dismiss, granting dismissal with prejudice on all claims, save one. [Dkt. #44.] Plaintiff's sole surviving claim was a claim for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et seq. Plaintiff was given the option to amend her claim or stand on the cause of action as plead. [*Id.*]

On November 15, 2018, Plaintiff filed a Notice electing not to amend and indicating her intent to stand on the second amended complaint. [Dkt. #51.] She also renewed her request that the case be remanded. [*Id.*] On December 7, 2018, the Court issued a memorandum of decision denying Plaintiff's remand request. [Dkt. #55.] There was never an ordered deadline to respond following the back-and-forth on the Complaint. On December 27, 2018, Defendants answered Plaintiff's second amended complaint. [Dkt. #55, #56.] Plaintiff moved to dismiss Defendants answers on January 22, 2019. [Dkt. #59.]

# III.   PLAINTIFF'S MOTION TO DISMISS IS UNTIMELY

Ironically, it is Plaintiff's Motion, not Defendants' Answers, that is fatally untimely. Under the express language of the Federal Rules of Civil Procedure, a motion to strike must be filed within 21 days after service of the pleading. Fed. R.

Civ. Proc. 12(f)(2); *Whitsitt v. Vinotheque Wine Cellars*, 2007 WL 4126077, *2 (E.D. Cal. Nov. 20, 2007) (denying motion to strike that was filed two months after service of the pleading). Here, Defendants' Answers were served on December 27, 2018. Accordingly, Plaintiff's last day to file her Motion was January 17, 2019 at the latest. Plaintiff, however, did not file her Motion until January 23, 2019, six (6) days after her deadline to file the Motion. Hence, it is Plaintiff, not Defendants, who must explain their "excusable neglect" for filing an untimely Motion, which is a burden Plaintiff does not attempt to meet in her papers. Therefore, the Motion should be denied as untimely.

## IV.    PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER

As an initial matter, Plaintiff's Motion (to dismiss or strike) is an inappropriate procedural vehicle. While motions to strike pleadings may be brought under Federal Rule of Civil Procedure 12(f), they are only to be used for striking a pleading's content that is redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f). A Motion to Strike is an inappropriate method for challenging a pleading as untimely. *McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002), *citing Wailua Assocs. v. Aetna Cas. & Sur., Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998).

## V.    PLAINTIFF DID NOT SUFFER ANY PREJUDICE FROM THE PURPORTED LATE FILING

Plaintiff's Motion suffers another insurmountable flaw. Even if the Answers were untimely by, at most, a few days (6 days more than 14, following Dkt. #54 Memorandum of Decision), this alone is not sufficient grounds for striking an answer. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (no rigid rule enforced against harmless filing of late pleadings); *see also Smith v. Wal-Mart Stores*, 2006 WL 2711469, *3 (N.D. Cal. Sept. 20.2006) (denying motion to strike answer where defendants filed its answer 24 days after service of the First Amended Complaint pursuant to an extension of time granted by the plaintiffs

and there was a dispute as to the actual length of the extension); *cf. Alvarado v. FedEx Corp.*, 2007 WL 127999, *1 (N.D. Cal. Jan. 12, 2007) (granting motion to strike answer where answer was filed nearly three years after the complaint was filed). Notably, nowhere in the Motion is there any discussion of any prejudice Plaintiff suffered from the purported delay. Indeed, Plaintiff did not think to even mention the alleged delinquency for approximately a month. Therefore, Plaintiff has not demonstrated the type of prejudice that might warrant the extreme sanction of striking the Answers. *McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557 (D. Nev. 2002) (denying motion to strike because no prejudice resulted from the answer being filed eight days late and only one month after plaintiff filed the complaint).

## VI.    CONCLUSION

Based on the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Dismiss Defendants' Answers.

DATED: February 5, 2019                    **PERKINS COIE LLP**

By: */s/ Aaron R. Goldstein*
    Aaron R. Goldstein, Bar No. 239423
    AGoldstein@perkinscoie.com

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
SUMMIT MANAGEMENT COMPANY,
LLC (erroneously also sued as Summit
Property Management, Inc.)

**PROOF OF SERVICE**

I, Carolyn A. Sanford, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On February 5, 2019, I served a copy of the within document(s):

> **OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ANSWER TO SECOND AMENDED COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ms. Deborah Barefield               Plaintiff *IN PRO PER*
11301 Darlington Avenue
Bakersfield, CA 93312
Telephone: 661.427.8354

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service

is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2019, at Los Angeles, California.

_____
Carolyn A. Sanford

OPPOSITION
143194309.1