| | |
|---|---|
| **DEBORAH BAREFIELD, as Administrator of the Estate of Thomas W. Hatch,**<br><br>Plaintiff,<br><br>v.<br><br>**HSBC HOLDINGS PLC; CALIBER HOME LOANS, INC.; SUMMIT PROPERTY MANAGEMENT, INC., a California Corporation; DOES 1-20, inclusive;**<br><br>**Defendants.** | 1:18-cv-00527-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS ANSWER TO SECOND AMENDED COMPLAINT**<br><br>(ECF No. 59) |

## I. BACKGROUND

On March 16, 2018, Deborah Barefield ("Plaintiff") filed a *pro se* complaint (First Amended Complaint, or "FAC"[1]) in California Superior Court in and for the County of Kern against HSBC Mortgage Services Inc. (erroneously named as HSBC Holdings PLC); Caliber Home Loans, Inc.; Summit Property Management, LLC (erroneously named as Summit Property Management, Inc.); and Doe defendants (collectively, "Defendants"). The FAC alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and state law claims for quiet title, fraud, constructive fraud, intentional infliction of emotional distress, violation of California's Rosenthal Fair Debt Collection Practices Act, and breach of the implied covenant of good faith and fair dealing. Defendants Caliber Home Loans and

---

[1] Plaintiff amended the Complaint before serving it on Defendants.

Summit Property Management's moved to dismiss the FAC, ECF No. 6, and moved to expunge notice of pendency of action, ECF No. 9. Defendant HSBC Mortgage Services, Inc. moved for judgment on the pleadings. ECF No. 15. The Court denied Plaintiff's motion to remand and granted the Defendants' motions to dismiss the FAC and for judgment on the pleadings, while granting Plaintiff an opportunity to amend her complaint. ECF No. 28. Plaintiff filed a Second Amended Complaint on August 16, 2018. ECF No. 30. Defendants each moved to dismiss. ECF Nos. 31, 33. During the pendency of the briefing on the motion to dismiss, Plaintiff moved to remand a related case that had been removed to this Court. ECF No. 42. In a written order dated November 1, 2018, the Court dismissed with prejudice all of Plaintiff's claims in this case, save one. ECF No. 44. Plaintiff's sole surviving claim was a claim for violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. Plaintiff represented that she did not intend to amend the complaint to make clear that the amount at issue exceeded the jurisdictional threshold of $75,000 in this diversity action. ECF No. 51. Plaintiff again requested that the case be remanded to state court. On December 7, 2018, the Court denied Plaintiff's renewed motion to remand. ECF No. 54. On December 27, 2018, Defendants Caliber Home Loans, Inc., and Summit Property Management, Inc., filed their respective answers. ECF Nos. 55 & 56. On January 22, 2019, Plaintiff filed a Motion to Dismiss Answer to Second Amended Complaint ("Mot."), arguing that the answers should be stricken for having been untimely filed. Defendants opposed, ECF No. 63 ("Opp."), and Plaintiff filed a reply, ECF No. 64 ("Reply"). The motion is ripe for review, and this matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

## II. STANDARD OF DECISION

**A.** **Motion To Strike**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033

2

(C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033. "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id*. (internal quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id*. (citing *Fogerty*, 984 F.2d at 1528).

### III. DISCUSSION

Plaintiff argues that Defendants' answers should be stricken as untimely. Under the Federal Rules of Civil Procedure, if the court denies a pre-answer motion, the time to serve a responsive pleading is within 14 days after notice of the court's action. Fed. R. Civ. Pro. 12(a)(4)(A). Because the Court denied Plaintiff's renewed motion to remand on December 7, Defendants' answers were due December 21 but were filed six days later. ECF Nos. 55 & 56.

The Federal Rules of Civil Procedure do not, however, "provide a specific sanction for late filing

3

of an answer." *McCabe v. Arave*, 827 F.2d 634, 641 n.5 (9th Cir. 1987). Any sanction could be imposed as part of a court's "inherent power." *Id.* at 640; *see also State Comp. Ins. Fund v. Capen*, No. SACV 15-01279 AG (JCGx), 2016 WL 9083270, at *2 (C.D. Cal. Dec. 16, 2016) ("Federal courts have 'inherent power' to impose sanctions—say, striking an untimely answer—for violations of Rule 12(a)." (citing *McCabe*)). Any exercise of sanctions under a court's inherent powers must first be preceded by a "specific finding of bad faith." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986). In *McCabe*, the Ninth Circuit found that the district court did not abuse its discretion in determining not to impose sanctions in the form of striking an untimely answer filed on the first day of trial where there was support for a conclusion that the defendants' failure to answer was in "good faith, but inadvertent." 827 F.3d at 640.

Most courts entertaining motions to do away with untimely answers do not focus on a court's inherent powers but instead use the language of motions to strike brought pursuant to Rule 12(f). *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G at 9:374.1 (Mar. 2018) ("Although not provided for in Rule 12(f), an answer (or other pleading) filed beyond the time permitted by the FRCP may be 'stricken' as untimely if the pleader failed to obtain from the court an extension of time or leave to late-file the pleading."). As both parties point out, the language of Rule 12(f) does not neatly cover what Plaintiff seeks here, which is to strike answers that were untimely but contained nothing "redundant, immaterial, impertinent, or scandalous." In reality, a motion to strike an untimely answer is in substance a motion for entry of default under Federal Rule of Civil Procedure 55, and "the filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside." *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (internal quotation marks and alterations omitted) (quoting *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y.1992)). Rule 55(c) provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good-cause analysis relies on three factors: (1)

4

whether the party engaged in culpable conduct the led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The factors are considered disjunctively, and a court is free to find the absence of good cause and deny a motion to set aside entry of default if any of the three factors is present. *Id*. Similarly, Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding," under certain enumerated circumstances, including for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Franchise Holding*, 375 F.3d at 927 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). There is considerable overlap in the analysis of "good cause" and "considerable neglect." *See id*. ("Because 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately.").

Defendants first argue that Plaintiff's motion to strike is untimely and should not be considered. Rule 12(f) provides that a motion to strike may be made either before responding to the pleading or, if a response is not allowed, within 21 days after service of the pleading. Fed. R. Civ. P. 12(f)(2). Defendants served their answers on December 27, 2018. ECF Nos. 55 & 56. Service was done by U.S. mail, which adds three days to the period within which a party may or must act. Fed. R. Civ. P. 6(d). Twenty-four days after the date the answers was filed was January 20, 2019, a Sunday, meaning that the deadline fell on the next business day, January 21, the day before the Clerk's Office received the motion. Regardless, Rule 12(f)(1) permits courts to enter an order to strike on their own, which "has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d

ed. 2018); *see also Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) ("The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so."); *Lauter v. Anoufrieva*, No. CV 07-6811 JVS(JC), 2011 WL 13182875, at *1 n.1 (C.D. Cal. June 28, 2011) ("[I]n light of plaintiff's arguments in support of his Motion to Strike, several of which are meritorious, and [defendant's] failure to file any opposition, the Court finds it proper to consider plaintiff's untimely motion to strike."). Plaintiff's untimeliness is therefore not necessarily a barrier to the Court's consideration of the motion.

Though the decisions often blend together concepts of good cause and excusable neglect, courts rarely grant motions to strike answers. Indeed, "federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme . . . , is not, by itself, a sufficient reason for granting a motion to strike." *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013) (declining to strike entirety of answer to counterclaims filed more than nine months late); *see also Franklin v. County of Placer*, No. 2:17-cv-2277-JAM-EFB PS, 2018 WL 1940956, at *6 (E.D. Cal. Apr. 25, 2018) ("[S]triking an answer is not the remedy for a failure to timely respond to a complaint.") (collecting cases), *report and recommendation adopted*, No. 2:17-cv-2277-JAM-EFB PS, 2018 WL 3105757 (E.D. Cal. June 25, 2018); *Ross v. White*, No. 2:17-CV-04149-ODW-JC, 2018 WL 3419647, at *2 (C.D. Cal. July 12, 2018) (denying motion to strike entirety of answer filed three days late, noting lack of evidence of prejudice or harm and in light of the general proposition that cases should be decided on the merits); *Cabral v. Supple, LLC*, No. ED 12-00085-MWF (OPx), 2013 WL 12171760, at *1 (C.D. Cal. Feb. 12, 2013) (denying motion to strike untimely answer where the court concluded that the "failure to file a timely answer resulted from, at most, inadvertence rather than any bad faith motive" and that the plaintiff would "suffer no prejudice" if the untimely answer were allowed to stand); *Larson v. Liberty Mut. Fire Ins. Co.*, No. CIV. 09-00308 SOM-BMK, 2009 WL 3540897, at *1 (D. Haw. Oct. 29, 2009) (denying motion to strike untimely answer where answer was

only filed six days late, the defendant's conduct "was not culpable," and plaintiff suffered no prejudice), *aff'd*, No. CIV. 09-00308 SOM-BMK, 2009 WL 3762989 (D. Haw. Nov. 10, 2009); *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (denying motion to strike answer to counterclaims filed 170 days late where plaintiff had vigorously prosecuted and defended the case and there was a lack of prejudice to counterclaimant); *Branch v. Grannis*, No. 1:08-CV-01655-AWI-GSA-PC, 2013 WL 79889, at *2 (E.D. Cal. Jan. 4, 2013) (denying motion for entry of default based on filing of untimely answer, finding that answer filed 33 days late due to a calendaring error was the result of excusable neglect, that the delay resulted in no prejudice to the plaintiff, and that the defendant had demonstrated an intent to defend the action by filing a motion to dismiss and a tardy answer).

Even in cases where the more than a year has passed since the deadline to file an answer, courts are reluctant to grant motions to strike. *See, e.g., Beal v. U.S. Dep't of Agric.*, No. CV-10-0257-EFS, 2012 WL 3113181, at *2 (E.D. Wash. July 31, 2012) (declining to strike answer filed 14 months late in light of judicial preference for deciding cases on the merits). In extreme cases where courts do grant motions to strike, they are nevertheless loath to allow the resulting default judgment to stand. *See Capen*, 2016 WL 9083270, at *2 (striking answer filed a year late but granting defendant opportunity to move to set aside the default under Fed. R. Civ. P. 55(c) and seek to file an untimely answer pursuant to Fed. R. Civ. P. 6(b)); *Lake v. Fellner*, No. 2:12-CV-01345-GMN, 2014 WL 664653, at *2–3 (D. Nev. Feb. 19, 2014) (granting motion to strike answer filed more than a year after the deadline and after entry of default but setting aside entry of default).

The six-day delay here was brief and, apart from this motion, has had no impact on the proceedings. Both parties attended the scheduling conference held on January 25, 2019. ECF No. 62. The delay took place after Defendants had removed the case, filed two motions to dismiss, resulting in the dismissal of nearly all the claims asserted, and opposed a motion to remand, so Plaintiff cannot claim not to have been on notice that Defendants intended to contest the claims in the case. Contrary to Plaintiff's unsupported claim that the prejudice is obvious, there is no prejudice arising from a six-day

7

delay in the filing of answers in a matter that the Plaintiff knows the Defendants intend to continue to defend. Nor is there is any evidence that would support anything close to a finding of bad faith. Whether analyzed under the Court's inherent power to levy sanctions, the "good cause" standard of Rule 55(c), or the "excusable neglect" standard of Rule 60(b), there is no basis for striking Defendants' answers. This is especially so in light of the strong policy of resolving cases on the merits. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible."); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (reversing denial of motion to vacate default judgment and stating that "a case should, whenever possible, be decided on the merits" (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984))); *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016) (noting the "limited importance of pleading in federal practice").

The motion is **DENIED**.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the motion to dismiss the answers is **DENIED**.

IT IS SO ORDERED.

Dated: __**February 22, 2019**__     _____/s/ Lawrence J. O'Neill_____
                                     UNITED STATES CHIEF DISTRICT JUDGE