**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH BAREFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HSBC HOLDINGS, PLC, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-0527 - LJO – JLT<br><br>ORDER VACATING THE HEARING SET FOR JUNE 10, 2019<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR DISCOVERY AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS (Doc. 86) |

Deborah Barefield, administrator of the estate of Thomas W. Hatch, asserts Caliber Home Loans, Inc. and Summit Management Company, LLC engaged in unlawful practices related to a home mortgage. Defendants seek to compel Plaintiff to appear for her deposition. In addition, Defendants seek momentary sanctions related to the time spent preparing the motion now before the Court. (Doc. 86) Plaintiff did not oppose the motion.

The Court finds the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g). According, the hearing set for June 10, 2019 is **VACATED**. For the reasons set forth below, Defendants' motion to compel Plaintiff to appear for her deposition is **GRANTED** and the request for monetary sanctions is **GRANTED IN PART**.

**I.　Background and Procedural History**

On August 19, 2005, decedent Thomas Hatch, executed a loan in the amount of $477,000.00 to purchase a home located at 11301 Darlington Avenue, Bakersfield, California 93312 (the "Property").

1

| | |
|---|---|
| 1 | (Doc. 34 a 2, ¶ 7; Doc. 34 at 6) The loan was secured by a deed of trust, which identified the lender as |
| 2 | Crevecor Mortage Inc., and the beneficiary as Mortgage Electronic Registration Systems, Inc. |
| 3 | ("MERS") (Doc. 34 at 7) |

According to Plaintiff, Hatch "experience[ed] financial difficulties," and "failed to make timely payments beginning in 2006." (Doc. 30 at 2-3, ¶ 7) Plaintiff alleges Hatch "attempted to obtain loan modifications," but his requests were denied. (*Id.* at 3, ¶ 7) She asserts Hatch was "promised a monthly payment in the amount of $1800.00, [but] the monthly payment was in fact $3400.00." (*Id.*, ¶ 8) Plaintiff contends that Hatch was told his "monthly payments would only be adjusted down $200.00" and "[a] loan modification was never obtained." (*Id.*)

The deed of trust was subsequently assigned to HSBC Mortgage Services, Inc. ("HSBC"), in an assignment recorded July 1, 2008. (Doc. 34 at 30) On October 23, 2017, HSBC recorded its assignment of the deed of trust to U.S. Bank, N.A., and defendant Caliber Home Loans took over servicing the loan. (*Id.* at 36) In a document recorded on November 22, 2017, defendant Summit Management Company, LLC was substituted as the trustee of record. (*Id.* at 38-39)

Caliber initiated foreclosure proceedings by recording a notice of default on December 15, 2017, which stated Hatch owed $497,255.30. (Doc. 34 at 42) On March 13, 2018, Caliber recorded a notice of trustee's sale and set the date of sale for April 9, 2018. (*See* Doc. 7 at 47) The notice stated the amount of the unpaid balance and other charges was $994,009.90. (*Id.*)

Three days after the notice of trustee's sale was recorded, Plaintiff initiated an action in Kern County Superior Court Case No. BCV-18-100621- SDS. (Doc. 1 at 2, ¶ 1; *see also* Doc. 1 at 61) Plaintiff filed a First Amended Complaint on March 26, 2018, identifying the following causes of action: quiet title, actual fraud, constructive fraud, intentional infliction of emotional distress, unfair debt collection practices under California's Rosenthal Fair Debt Collection Practices and the federal Fair Debt Collection Practices Act, and a breach of the implied covenant of good faith and fair dealing. (*Id.* at 14-21) On April 18, 2018, Caliber and Summit filed a notice of removal, thereby initiating the matter before this Court. (Doc. 1)

Defendants filed a motion to dismiss, which was granted by the Court on August 2, 2018. (Doc. 28) Plaintiff thereafter filed a second amended Complaint, which added allegations related to the

effectiveness of the assignment of the deed of trust. (*See* Doc. 30) Defendants again filed a motion to dismiss, which was granted in part. (*See* Doc. 44) The Court determined Plaintiff stated a claim for a violation of California Civil Code § 1788.11(d), and the claims were dismissed without leave to amend. (*See id.* at 27-28)

On January 25, 2019, the Court held a scheduling conference with the parties, at which Plaintiff appeared in pro per. (Doc. 62 at 1-2) The Court ordered the parties to complete all discovery pertaining to non-experts no later than July 17, 2019, and all expert discovery no later than September 11, 2019. (*Id.* at 3)

Aaron Goldstein, counsel for Defendants, reports he "reached out to plaintiff Deborah Barefield … to ascertain her availability for deposition" on March 22, 2019. (Doc. 86-2 at 2, Goldstein Decl. ¶ 2) After the parties agreed upon a date, Defendants served Plaintiff with a Notice of Deposition for May 2, 2019. (*Id.*; *see also id.* at 10-12) After Plaintiff requested "[the] deposition be continued because she was having trouble finding an attorney to appear at the deposition on her behalf," Defendants "agreed to a continued date of May 15, 2019." (*Id.*, at 2 ¶ 4) Therefore, Defendants served the Amended Notice of Deposition on April 26, 2019, reflecting the continued date. (*Id.* at 16-18)

After the Amended Notice was served upon Plaintiff, she again contacted Defendants reporting that "she did not want to go forward with her deposition because she still had not yet obtained an appearance attorney." (Doc. 86-2 at 2, ¶ 6) On May 13, 2019, Plaintiff informed Mr. Goldstein that "due to health challenges and other issues," she would not attend the deposition. (*Id.* at 3, ¶ 7) Although Mr. Goldstein inquired about the health challenges, noting that he could accommodate several health issues, Plaintiff did not elaborate regarding her reported issues or otherwise respond to Defendants. (*Id.*)

On May 20, 2019, Defendants filed the motion now pending before the Court, seeking to compel Plaintiff to appear for a deposition. (Doc. 86) In addition, Defendants seek monetary damages "in the amount of $4,410.0 associated with meet and confer efforts, the expense of drafting this Motion, and the anticipated fees associated with responding and appearing at a hearing on this Motion." (Doc. 86-1 at 5) Plaintiff did not file an opposition—or otherwise respond to—Defendant's motion.

///

## II. Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III. Request to Compel Testimony

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] party may, by oral questions, depose any person, including a party, without leave of court" by serving proper notice. The Court is authorized to issue sanctions for a party's failure to appear for a deposition under Rule 37(d), which provides in relevant part: "if a party... fails, after being served with proper notice, to appear for that person's deposition… [s]sanctions under may include any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)." Such orders include directing the striking pleadings, issuing terminating sanctions, or other "just orders." Fed.R.Civ. P. 37(b)(2)(A)

As Defendants observe, the Ninth Circuit determined that where a party notified counsel that he would not appear for a deposition at the last minute, such actions constituted a "failure to appear" subject to sanctions under Rule 37. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993). In *Henry,* the plaintiff twice notified Gill's counsel that he would not appear for the noticed deposition. *Id.* The Ninth Circuit observed:

> Henry thus asks this court to hold that, even though he twice forced cancellation of his deposition by notifying Gill at the last minute that he would not appear, such conduct does not constitute a "failure to appear" because Gill's counsel, instead of sitting in a conference room waiting for Henry not to arrive, attempted to reschedule the deposition. We reject the suggestion that an unreasonable refusal to be deposed must be met with an unreasonable refusal to reschedule in order to warrant sanctions under Rule 37.

4

*Id.* Thus, the Court determined Henry engaged in "discovery misconduct" that, coupled with other actions, indicated a "refusal to engage in discovery" that "irreparably prejudiced" Gill such that sanctions were appropriate. *Id.* at 947-48.

As in *Henry*, Plaintiff received proper notices of her deposition, only to indicate she would not appear to testify on the date to which she agreed. Upon the inquiry of Defendants' counsel, she offered no information regarding health issues that may preclude the taking of her deposition as noticed. Given the lack of cooperation and cancellation of the depositions as noticed, the Court finds Plaintiff has failed to appear for her deposition within the meaning of Rule 37. Accordingly, Defendants' request to compel Plaintiff to appear for her deposition is **GRANTED**.

**IV.     Monetary Sanctions**

Pursuant to Rule 37, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). Because Plaintiff has not opposed the motion, she also fails to show her actions were substantially justified or that other circumstances would make the award unjust.

Defendants seek attorney's "fees in the amount of $4,410.00 associated with meet and confer efforts, the expense of drafting this Motion, and the anticipated fees associated with responding and appearing at a hearing on this Motion." (Doc. 86-1 at 5) Mr. Goldstein seeks an hourly rate of $490.00. (Doc. 86-2 at 3, ¶10) He asserts the total sought by Defendants includes 3.0 hours for his preparation of the motion, as well as 6.0 hours anticipated for reviewing any opposition, preparing a reply brief, and appearing at the hearing. (*Id.*) Plaintiff did not file an opposition, and the Court has taken the matter under submission without a hearing. Thus, Defendants are entitled to only the 3.0 hours expended by Mr. Goldstein related to the preparation of the motion.

Significantly, however, the hourly rate sought by counsel is not in accord with the market rate for this community. The Supreme Court explained that attorney fees are to be calculated with "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 and n.11 (1984). When a case is filed in the Fresno Division of the Eastern District of California, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate

5

…"[1] *See Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1129 (E.D. Cal. 2011). Mr. Goldstein fails to provide any information regarding his experience as an attorney such that the Court can determine the hourly rate sought is appropriate within the Eastern District of California. Nevertheless, the Court "may take judicial notice of the State Bar of California's website regarding attorneys' dates of admission to the Bar." *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1298 n. 5 (2014). Accordingly, the Court takes judicial notice of the admission date of Mr. Goldstein, who was admitted to practice on December 2, 2005.

This Court determined "hourly rates generally accepted in the Fresno Division for competent experienced attorneys [are] between $250 and $380, with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014); *see also Trujillo v. Singh*, 2017 WL 1831941 (E.D. Cal. May 8, 2017) (awarding an hourly rate of $300 per hour to counsel with 15 years of experience, finding this amount was appropriate for the Fresno area); *Miller v. Schmitz,* 2014 WL 642729 at *3 (E.D. Cal. Feb. 18, 2014) (the "prevailing hourly rate in this district is in the $400/hour range for experienced attorneys," and awarding $350 per hour for an attorney with 20 years of experience). For attorneys with "less than ten years of experience . . . the accepted range is between $175 and $300 per hour." *Silvester*, 2014 WL 7239371 at *4 (citing *Willis v. City of Fresno*, 2014 WL 3563310 (E.D. Cal. July 17, 2014); *Gordillo v. Ford Motor Co.*, 2014 WL 2801243 (E.D. Cal. June 19, 2014)). Based upon the prior survey of the attorney fees in the Fresno Division and the Court's own knowledge, the Court finds an hourly rate of $350 is appropriate for Mr. Goldstein, who has thirteen years of experience. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (finding "the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience" to determine reasonable hourly rates). With the above adjustments, Defendants are entitled to attorney's fees in the amount of $1,050.00 pursuant to Rule 37.

///

---

[1] Rates other than those of the local forum "may be employed if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Here, there is no argument presented that rates beyond the local forum should be used to calculate the fees requested.

**V.     Conclusion and Order**

Based upon the foregoing, the Court finds Plaintiff failed to appear at her deposition, and sanctions under Rule 37 are appropriate. Accordingly, the Court **ORDERS**:

1. Defendants' motion to compel Plaintiff to appear at her deposition is **GRANTED**;
2. Defendants **SHALL** serve a notice of deposition to Plaintiff within twenty-one days;
3. Plaintiff **SHALL** appear at the deposition as noticed;
4. Defendants' motion for monetary sanctions is **GRANTED** in the modified amount of $1,050.00.

**The plaintiff is advised that her failure to comply with the Court's order to appear for her deposition, will result in a recommendation that the action be dismissed pursuant to Local Rule 110 and Rule 37 of the Federal Rules of Civil Procedure**.

IT IS SO ORDERED.

Dated:     **June 5, 2019**                              **/s/ Jennifer L. Thurston**
                                                                             UNITED STATES MAGISTRATE JUDGE