# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH BAREFIELD, as Administrator of the Estate of Thomas W. Hatch,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HSBC HOLDINGS PLC; CALIBER HOME LOANS, INC.; SUMMIT PROPERTY MANAGEMENT, INC., a California Corporation; DOES 1-20, inclusive;**<br><br>**Defendants.** | 1:18-cv-00527-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE EX PARTE MOTION TO DISMISS FINAL CAUSE OF ACTION**<br><br>**(ECF No. 90)** |

Before the Court is Plaintiff Deborah Barefield's *ex parte* motion to dismiss the final live cause of action in the operative complaint without prejudice, pursuant to Federal Rule of Civil Procedure ("Rule") 41. ECF No. 90. The motion, signed June 3, 2019, was filed on June 5, 2019, shortly after Magistrate Judge Jennifer Thurston issued an order imposing sanctions on Plaintiff in the amount of $1,050.00 for failure to appear at her deposition. ECF No. 89.

Plaintiff's motion seeks to dismiss the sole remaining cause of action without prejudice. Rule 41 provides that a plaintiff may voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Because Defendants have filed their answers, ECF Nos. 55 & 56, Plaintiff cannot dismiss the case under Rule 41(a)(1)(i). Nor has Plaintiff presented the Court with a stipulation signed by all remaining parties pursuant to Rule 41(a)(1)(ii).

That leaves Rule 41(a)(2), which provides that other than the two circumstances provided in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id.* (internal citations omitted).

Plaintiff's *ex parte* motion for voluntary dismissal seeks to avoid imposition of the $4,410.00 in sanctions that Defendants sought in their motion to compel and request for monetary sanctions. Plaintiff's motion also refers to unsuccessful efforts to stipulate to dismissal with Defendants. In light of Magistrate Judge Thurston's order imposing monetary sanctions in the amount of $1,050, the parties are directed to meet and confer and attempt to reach a stipulation of dismissal. Only if the parties are unable to reach a stipulation will the Court rule on Plaintiff's motion under Rule 41(a)(2) and issue an order dismissing the case on terms that the Court considers proper.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The parties **SHALL** meet and confer and attempt to reach a stipulation of dismissal;
2. If the parties are unable to reach a stipulation of dismissal, Defendants **SHALL** file an opposition to Plaintiff's motion no later than **Monday, June 17, 2019**. The Court does not at this time authorize the filing of a reply from Plaintiff.

IT IS SO ORDERED.

Dated: **June 7, 2019**           /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE